UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kenneth Robert Whitcraft, | ) | C/A No. 5:16-cv-02385-JFA-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Holly Scaturo; | ) | |
| Mrs. Kimberly Poholchuk; | ) | |
| Ms. Cynthia Helff; | ) | |
| Dr. Kelly Gothard; | ) | |
| Dr. Gordon Brown; | ) | |
| Dr. Rozanna Trass; | ) | |
| Dr. Amy Swan; | ) | |
| Ms. Marie Gehle; | ) | |
| Dr. Donna Schwartz-Watts; | ) | |
| Capt. Frank Abney; | ) | |
| Mr. Galen Sanders; | ) | |
| Mr. Harold Alexander; | ) | |
| Ms. Charlene Hickman; | ) | |
| Dr. John McGill, and | ) | |
| Mr. Allen Wilson, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a civil action filed by a pro se litigant requesting to proceed *in forma pauperis*. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.

I.    Factual Background

Kenneth Robert Whitcraft ("Plaintiff") is a civil detainee in the State of South Carolina's Sexually Violent Predator Treatment Program ("SVPTP"), which is administered by the South Carolina Department of Mental Health ("SCDMH"). Plaintiff names as Defendants 15 SCDMH employees and/or state officials as Defendants, asserts that he is suing for violations of the First,

Fourteenth, and Eighth Amendments to the United States Constitution, Compl. 8, ECF No. 1, and alleges that he has been subjected to "ill, unprofessional treatment," and "punitive, harsh treatment" and "punitive, callous, disrespectful treatment." *Id*. at 8-10. Particularly, Plaintiff alleges he has been "shook down, locked down, had [his] level taken." *Id*. at 9. Although he says that "the aforementioned defendants are responsible [for his treatment]," *id*. at 8, and that his treatment has "left [him] depressed and hopeless," *id*. at 10, Plaintiff does not specify which Defendants personally did something that harmed him, nor does he provide dates or times of any wrongdoing by any particular Defendant. Plaintiff asks this court for injunctive relief and damages in the amount of $250,000.00. *Id*.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. The review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The Complaint in this case was filed under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. *Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. at 97, holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Even under this less stringent standard, however, the pro se Complaint under review in this case is subject to summary dismissal.

III.     Discussion

The Complaint in this case fails to state a plausible claim for relief against any Defendant because it is too conclusory and lacking in necessary factual details. It is settled that initial pleadings, whether submitted by attorneys or by pro se litigants, must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that *Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)); *Godbey v. Simmons*, No. 1:11cv704 (TSE/TCB), 2014 WL 345648, at *4 (E.D. Va. Jan. 30, 2014) ("Whether filed by a pro se litigant or not, 'claims brought in federal court are subject to the generally applicable standards set forth in the Supreme Court's entire Rule 8(a) jurisprudence, including *Twombly* and *Iqbal*.'") (quoting from *Cook v. Howard*, 484 F. App'x 805, 810 (4th

Cir. 2012)). Even though a pro se plaintiff's pleadings are to be liberally construed, a pro se complaint must still contain sufficient facts "to raise a right to relief above the speculative level" and "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (citations omitted); *see Slade v. Hampton Roads Reg'l Jail*, 407 F.3d 243, 248, 253-54 (4th Cir. 2005) (pro se pleading dismissal affirmed where insufficient facts alleged to put defendants on notice of or to support asserted due-process claim). The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. *Twombly,* 550 U.S. at 555; *see also Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.,* 591 F.3d 250, 256 (4th Cir. 2009) (examining sufficiency of factual allegations under *Iqbal* standards). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555. Nor will mere labels and legal conclusions suffice. *Id.* Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Thus, any litigant, including a pro se litigant like Plaintiff, must provide sufficient factual allegations supporting each element of the kind of legal claim he seeks to pursue in this court to allow this court to "draw the reasonable inference that [Defendants are] liable for the misconduct alleged." *Id.*; *see Dupont de Nemours & Co.*, 324 F.3d 761, 764-65 (4th Cir. 2003) (noting that a plaintiff must allege facts that support each element of the claim advanced); *Leblow v. BAC Home Loans Servicing, LP*, No. 1:12-CV-00246-MR-DLH, 2013 WL 2317726, at *3 (W.D.N.C. May 28, 2013) (same). For example and relevant to this case, it has been held that plausible complaints should, at minimum, contain factual allegations showing who did what to whom and when. *See Twombly*, 550 U.S. at 565 n.10 (noting that the defective complaint "mentioned no specific time, place, or person involved in" the alleged illegal activity); *Kendall v. Visa U.S.A., Inc.*, 518 F.3d

4

1042, 1048 (9th Cir. 2008) (complaint must "answer the basic questions: who, did what, to whom (or with whom), where, and when?"); *see also* Fed. R. Civ. P. 84 & App. Form 11 (providing a blank space for the "date" and "place" of the injury in model complaint form for negligence). As noted above, Plaintiff's conclusory allegations of harm and, perhaps, medical indifference do not contain any specific facts about who caused the alleged harm, how they caused it, or when the harms occurred. In absence of such important details, no plausible claims are stated.

Although he does not specifically refer to it, Plaintiff's assertions of federal constitutional violations against employees and officials of the State of South Carolina fall within the coverage of 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citation omitted) (emphasis added). No other viable basis for the exercise of this court's subject matter jurisdiction over Plaintiff's allegations is evident from the face of the Complaint. To state a plausible § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Evans v. Chalmers*, 703 F.3d 636, 654 (4th Cir. 2012).

Based on the law cited above, a plaintiff, such as Plaintiff is this case, suing a government official in his individual capacity and thereby seeking to hold the official personally liable must show that the official personally caused or played a role in causing the deprivation of

5

the complained-of federal right. *See Graham*, 473 U.S. at 166; *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct); *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights). Here, Plaintiff's Complaint fails to state any plausible § 1983 claims because, as previously noted, Plaintiff fails to allege that any of the 15 Defendants played any personal role in activity that resulted in the harms that Plaintiff asserts he has suffered while detained in the SVPTP. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed."); *Newkirk v. Circuit Court of City of Hampton*, No. 3:14CV372-HEH, 2014 WL 4072212 (E.D. Va. Aug. 14, 2014) (complaint subject to summary dismissal where no factual allegations against named defendants within the body of the pleading).

Moreover, Plaintiff's conclusory statement that "the aforementioned defendants are responsible" for his treatment is not sufficient to establish that any particular Defendant is liable to him simply based on that Defendant's supervisory position within the SVPTP or within SCDMH or any other state governmental agency. As a general rule, the doctrine of vicarious liability or *respondeat superior* is not available to a § 1983 plaintiff as a means to create liability of a state-actor supervisor for the acts or his/her subordinate. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). There is a limited exception to the prohibition against imposing *respondeat superior* or vicarious liability on supervisory personnel in § 1983 cases, which has been enunciated in cases such as *Slakan v. Porter*, 737 F.2d 368, 370-75 (4th Cir. 1984).

Supervisory officials may be held liable in certain circumstances for the constitutional injuries inflicted by their subordinates so long as the facts alleged satisfy the Fourth Circuit Court of Appeals' established three-part test for supervisory liability under § 1983: "(1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

In *Randall v. Prince George's County*, 302 F.3d 188, 206 (4th Cir. 2002), the Fourth Circuit concluded that, "[u]nder the first prong of *Shaw*, the conduct engaged in by the supervisor's subordinates must be 'pervasive,' meaning that the 'conduct is widespread, or at least has been used on several different occasions.'" Furthermore, in establishing "deliberate indifference" under *Shaw's* second prong, a plaintiff "[o]rdinarily . . . cannot satisfy his burden of proof by pointing to a single incident or isolated incidents . . . for a supervisor cannot be expected . . . to guard against the deliberate criminal acts of his properly trained employees when he has no basis upon which to anticipate the misconduct." *Id.* (quoting *Slakan*, 737 F.2d at 373); *see also Green v. Beck*, 539 F. App'x 78, 81 (4th Cir. 2013) (alleged failure of supervisory officials to investigate grievances not sufficient to establish liability under § 1983).

The *Slaken* exception is not adequately pleaded in this case because there are no allegations of any personal knowledge (or even subjective knowledge) on any supervisor's part of the problems that Plaintiff alleges he has been having in the SVPTP. Thus, regardless of how

pervasive the alleged problems at the SVPTP may (or may not) be, none of the supervisory officials among the named Defendants can be found liable for them simply based on his or her job as a "supervisor" in the SVPTP.

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice. See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also Neitzke v. Williams*, 490 U.S. at 324-25.

IT IS SO RECOMMENDED.

July 25, 2016                                                    Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

,