IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Kenneth Robert Whitcraft,<br><br>  Plaintiff,<br><br>v.<br><br>Holly Scaturo, Director; Mrs. Kimberly Poholchuck, B.M.C. Program Director; Cynthia Helff, B.M.C.; Dr. Kelly Gothard; Dr. Gordon Brown, Psychologist; Dr. Rozanna Trass, Psychologist; Dr. Amy Swan, Psychiatrist; Ms. Marie Gehle, Evaluator; Dr. Donna Schwartz-Watts, Psychologist; Capt. Frank Abney, P.S.O. Supervisor; Mr. Galen Sanders, Chief Nursing Administrator; Mr. Harold Alexander, R.N.; Ms. Charlene Hickman, R.N.; Dr. John McGill, Director of Department of Mental Health; Mr. Allen Wilson, Attorney General,<br><br>  Defendants. | C/A No. 5:16-2385-JFA<br><br><br>**ORDER** |

## I.    INTRODUCTION

Kenneth Robert Whitcraft ("Plaintiff"), proceeding pro se and *in forma pauperis*, brings this action against Defendants Holly Scaturo, Director; Mrs. Kimberly Poholchuck, B.M.C. Program Director; Cynthia Helff, B.M.C.; Dr. Kelly Gothard; Dr. Gordon Brown, Psychologist; Dr. Rozanna Trass, Psychologist; Dr. Amy Swan, Psychiatrist; Ms. Marie Gehle, Evaluator; Dr. Donna Schwartz-Watts, Psychologist; Capt. Frank Abney, P.S.O. Supervisor; Mr. Galen Sanders, Chief Nursing Administrator; Mr. Harold Alexander, R.N.; Ms. Charlene Hickman, R.N.; Dr. John McGill, Director of Department of Mental Health; Mr. Allen Wilson, Attorney General

(collectively "Defendants") in their individual and official capacities pursuant to 42 U.S.C. § 1983.[1] ECF No. 1.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff is a civil detainee in the State of South Carolina's Sexually Violent Predator Treatment Program ("SVPTP"). ECF No. 1.  On or about June 30, 2016, Plaintiff filed this action alleging Defendants violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution.[2] ECF No. 1 at 8. In addition, Plaintiff moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915, ECF No. 2, which was granted on July 25, 2016, by Magistrate Judge Kaymani D. West, ECF No. 9.

The Magistrate Judge assigned to this action[3] prepared a thorough Report and Recommendation ("Report") and opines that this Court should summarily dismiss this action without prejudice. ECF No. 10.  The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.[4]

In addition, with regard to Plaintiff's claims against Defendants in their official capacities, the Court adds that an exception to Eleventh Amendment immunity exists under the doctrine of

---

[1] Plaintiff also makes allegations against Ms. Monica Eddy and "Ms. Motts" within his objections or statements in response to the Report; however, these individuals were not listed as defendants in his complaint and, as such, are not incorporated as defendants here. ECF No. 13 at 5, 8.

[2] Plaintiff also claims Defendants have failed to comply with the Sexually Violent Predator Act pursuant to S.C. Code Ann. § 44-48-10 et seq.; however, actions brought pursuant to Section 1983 are to provide a mechanism to address federal constitutional violations by persons acting under color of state law. Thus, this claim will not be addressed here. *See Jones v. Chandrasuwan*, 820 F.3d 685, 691 (4th Cir. 2016) ("Section 1983 is not itself a source of substantive rights, but rather provides a method for vindicating federal constitutional and statutory rights."); *see also Wyatt v. Cole*, 504 U.S. 158, 161 (1992); *Maine v. Thiboutot*, 448 U.S. 1, 4 (1980).

[3] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.).

[4] The Court removed Fed. R. Civ. P. 84 and App. Form 11 from its consideration as these were abrogated in 2015. However, this abrogation occurred because "Rule 84 and the Appendix of Forms" were "no longer necessary" and "[t]he abrogation of Rule 84 does not alter existing pleading standards or otherwise change the requirements of Civil Rule 8." Fed. R. Civ. P. 84 note (2015 amd.). Therefore, the Magistrate Judge's analysis remains correct.

*Ex parte Young*, 209 U.S. 123 (1908). "[F]ederal courts may exercise jurisdiction over claims against state officials by persons at risk of or suffering from violations by those officials of federally protected rights, if (1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective." *Jemsek v. Rhyne*, No. 15-1420, 2016 WL 5940315, at *3 (4th Cir. Oct. 13, 2016) (quoting *Republic of Paraguay v. Allen*, 134 F.3d 622, 627 (4th Cir. 1998)). "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotations omitted).

Plaintiff was advised of his right to object to the Report, which was entered on the docket on July 25, 2016. ECF Nos. 10–11. The Magistrate Judge gave Plaintiff until August 11, 2016, to file objections. *Id.* On August 15, 2016, the Court received Plaintiff's objections to the Report; however, Plaintiff timely placed his objections in the mail by August 11, 2016. ECF Nos. 13, 13-1. Thus, this matter is ripe for the Court's review.

## III.     DISCUSSION

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). In the absence of specific objections to the Report of the Magistrate Judge, this Court is not required to

give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Here, the Magistrate Judge recommended that Plaintiff's claim be summarily dismissed because he fails to state a plausible claim for relief against Defendants. ECF No. 10 at 3. Specifically, the Magistrate Judge noted, "Plaintiff's conclusory allegations of harm, and perhaps, medical indifference do not contain any specific facts about who caused the alleged harm, how they caused it, or when the harms occurred." *Id* at 5.

Plaintiff fails to make any specific objections to the Report and, instead, attempts to supplement his complaint with additional details to show "there is in fact adequate information to prove [his] complaint." ECF No. 13 at 11. Plaintiff alleges that he "came to the program for treatment," but has "been punished more than [he] ever was in prison." *Id.* at 2. However, Plaintiff admits that some of his punishments were duly administered such as loss of his "green level," imposed therapeutic room restrictions, and revoked canteen privileges due to his infractions of having oral sex with a special needs group resident, holding computer discs for another on restriction, possessing a homemade screwdriver, and interacting with a peer despite a "no contact" order. *Id.* at 4. Plaintiff complains of unsafe food, rules restricting his possessions, disrespectful staff, excessive lockdowns, and lack of computers or printers. *Id.* at 5–10. Plaintiff alleges that these conditions have existed since his arrival for the SVPTP in March 2002. *Id.* at 5.

With regard to the unsafe food and excessive lock down allegations, Plaintiff does provide a few specific facts in his response to the Report; however, Plaintiff still fails to fully state a claim. As to the unsafe food allegation, such as others finding screws in the food, Plaintiff only states, "The people responsible are John McGill and Holly Scaturo, as D.M.H. *could pridide* [sic] my food, as well as [an] adequate dining area." *Id.* at 7. (emphasis added). As to the excessive

lockdowns, such as 95 days in 2015 or 147 days during the first eight months of 2016, Plaintiff states, "Holly Scaturo, Kimberly Poholchuk, Capt. Frank Abney. These individuals are responsible for all of the lockdowns due to lack of staff." *Id.* at 8–9.

Although throughout these paragraphs Plaintiff states the names of specific defendants, he does so by grouping individuals together and making general statements such as they are responsible for the implementation of the program or "[t]hese people are the ones responsible for all of the punitive policies." *Id.* at 5–10. Thus, despite this additional information, Plaintiff fails to provide specific dates, times, or a defendant's specific actions or knowledge sufficient to allege a violation of his rights.[5] *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating courts are not required "to conjure up questions never squarely presented to them" and "[e]ven in the case of *pro se* litigants, they cannot be expected to construct full blown claims from sentence fragments"). Therefore, it is proper that this action be summarily dismissed because Plaintiff has failed to state a claim upon which relief can be granted against Defendants. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court **ADOPTS** the Report and Recommendation, ECF No. 10, and Plaintiff's complaint is summarily dismissed without prejudice.

IT IS SO ORDERED.

January 26, 2017
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[5] In the future, Plaintiff may be better served if he structures his specific complaints as he did for his self-proclaimed list of infractions. *See* ECF No. 13 at 4.